## Juvenile Offenders Against Vehicle Code

BARCO, Deputy Attorney General, March 13, 1940. —
In your letter of October 9, 1939, it was called to our attention that The Juvenile Court Law of June 2, 1933, P. L. 1433, 11 PS §243 et seq., was amended by the Act

of June 15, 1939, P. L. 394, in that it extended the maximum age of minors who are subject to the provisions of this act from 16 to 18 years.

You also state that The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §1 et seq., permits the issuance of licenses to operate motor vehicles to juveniles over 16 years of age, and that numerous violations of The Vehicle Code are committed by persons less than 18 years old.

You request an opinion as to whether those persons under 18 years of age, who are charged with summary offenses against The Vehicle Code, or any other statute, may be sentenced by a magistrate, alderman, or justice of the peace, or whether such cases must be returned by the magistrate to the juvenile court.

Under the laws of this Commonwealth, we find that there are two basic acts with which we are concerned. The one act is The Juvenile Court Law of 1933, supra, as amended by the Act of 1939, supra. In respect to your problem, we are particularly concerned with part of section 4, which reads:

"Initiation of Proceedings.—The powers of the court may be exercised—

"1. Upon the petition of any citizen, resident of the county, setting forth that (a) a child, giving his or her name, age, and residence, is neglected, dependent or delinquent, and is in need of care, guidance and control, (b) the names and residence of the parents, if any, or of his or her legal guardian if there be one, (c) the name and residence of the person or persons having control of the child, and (d) the name and residence of the nearest relative if no parent or guardian can be found.

"2. Upon commitment, by a magistrate, alderman or justice of the peace, of a child arrested for any indictable offense, other than murder, *or for the violation of any other laws of this Commonwealth or the ordinance of any city, borough or township.*

"3. There shall be no preliminary hearings *in any cases* affecting dependent, delinquent or neglected children under the age of eighteen years. (Italics supplied.)

The following section of the same act is also enlightening on our problem:

"Section 6. Preliminary Orders; Temporary Custody of Children.—Upon the filing of any petition as above set forth, *or the commitment of a child* by any magistrate, alderman or justice of the peace, the judge holding the juvenile court shall, if after preliminary inquiry he deems the same necessary, make all necessary orders for compelling the production of such child, and the attendance of parents or other person or persons having the custody or control of the child, or with whom the child may be.

"Pending the final disposition *of any case*, the child shall be subject to the order of the court, and may be permitted by the court to remain in the control of his or her parents or the person having him or her in charge, or in charge of a probation officer, or the child may be placed by the court in the custody of any association or society having for one of its objects the care of dependent, delinquent or neglected children, or may be ordered by the court to be kept and maintained in some place provided by the county for such purposes: Provided, That if such child is sixteen years of age or over and less than eighteen years of age, he or she may be confined in any place of detention maintained and provided for the custody of adults awaiting trial." (Italics supplied.)

The amending act chiefly provides for increasing the age from 16 years to 18 years, not only in this particular section of the act, but for all purposes set forth therein as, "The word 'child,' as used in this act, is a minor under the age of eighteen years": section 1(2) of the Act of June 15, 1939, P. L. 394.

Section 2 of The Juvenile Court Law of June 2, 1933, P. L. 1433, reads:

". . . the several courts, as defined in this act, shall have and possess *full and exclusive jurisdiction* in (a) *all*

*proceedings* affecting delinquent, neglected and dependent children . . .". (Italics supplied.)

The preamble of The Juvenile Court Law, supra, provides:

"Whereas, The welfare of the Commonwealth demands that children should be guarded from association and contact with crime and criminals, and the ordinary process of the criminal law does not provide for such care, guidance and control as are essential to children in the formative period of life; and

"Whereas, Experience has shown that children, lacking proper parental care or guardianship, are led into courses of life which may render them liable to the penalties of the criminal law, and that the real interests of such children require that they be not incarcerated in jails and penitentiaries, as members of the criminal class, but be subjected to wise care, guidance and control so that evil tendencies may be checked and better instincts be strengthened; and

"Whereas, To these ends, it is important that the powers of the courts, with respect to the care, guidance and control over delinquent, neglected and dependent children should be clearly distinguished from those exercised in the ordinary administration of the criminal law; therefore".

Section 1, subsec. 4, of this same act, under the heading of "Definitions", reads as follows:

"The words 'delinquent child' include:

"(*a*) *A child who has violated any law of the Commonwealth or ordinance of any city, borough or township*" (italics supplied).

The provisions just cited clearly include any violations of The Vehicle Code, as well as of any other statute, by minors under the age of 18 years.

The preamble of The Juvenile Court Law, which we have herein set forth, refers specifically to the "care,

guidance and control as are essential to children in the formative period of life". There is no doubt that the intention and chief concern of the legislature was to provide special consideration for any violators of the law under 18 years of age, and to prevent any minors under 18 years of age accused of crime from being incarcerated in and commingling with older and seasoned criminals either before or after trial. The disadvantage of youthful offenders associating with older and seasoned criminals is too obvious to need any comment.

The other act of the legislature with which we are concerned is that known as The Juvenile Court Law of Allegheny County of June 3, 1933, P. L. 1449, 11 PS §269-1 et seq., as amended by the Act of June 15, 1939, P. L. 397. We are particularly concerned with section 202, and subsection (e) thereof, of this act, which provides that:

"The [juvenile] court hereby created shall have jurisdiction . . .

*In all summary proceedings* and suits for a penalty wherein the defendant is a child under sixteen years of age." (Italics supplied.)

The provisions of this latter law are, we believe, intended by the legislature to bring the treatment of the Allegheny County juvenile violators in line with that procedure set up throughout the remainder of the Commonwealth.

Judge Stadtfeld, in the case of Commonwealth v. Jordan, 136 Pa. Superior Ct. 242, interprets The Juvenile Court Law of 1933 by stating at page 248:

"The language of the act is free of ambiguity . . .". And at pages 250 and 251 he also states:

"The beneficent purpose of the legislation involved in this case, is well described by Mr. Justice Brown, in the opinion of the Supreme Court in *Com. v. Fisher*, 213 Pa. 48, 62 A. 198. He says, p. 53: 'To save a child from becoming a criminal, or from continuing in a career of crime, to end in maturer years in public punishment and

disgrace, the legislature surely may provide for the salvation of such a child, if its parents or guardian be unable or unwilling to do so, *by bringing it into one of the courts of the state without any process at all, for the purpose of subjecting it to the state's guardianship and protection.* . . . When the child gets there and the court, with the power to save it, *determines on its salvation,* and not its punishment, it is immaterial how it got there. The act simply provides how children who ought to be saved may reach the court to be saved. If experience should show that there ought to be other ways for it to get there, the legislature can, and undoubtedly will, adopt them, and they will never be regarded as undue processes for depriving a child of its liberty or property as a penalty for crime committed. . . .

" 'Every statute which is designed to give protection, care and training to children, as a needed substitute for parental authority and performance of parental duty, is but a recognition of the duty of the state, as the legitimate guardian and protector of children where other guardianship fails . . .'.

"Considering the beneficent purpose of the legislation, no court should be astute in finding reasons to relieve those who violate its provisions." (Italics supplied.)

The argument may be advanced that "preliminary hearings", as referred to in the acts under consideration, do not include hearings for summary violations of The Vehicle Code, inasmuch as summary hearings are final hearings. To accept such an interpretation would be to emasculate the real purpose of the acts, inasmuch as they would not be able to accomplish what the legislature enacted them for, because the various provisions of these juvenile court acts indicate that the juvenile courts are to have exclusive jurisdiction of minors under 18 years of age in case of any violation of the laws of the Commonwealth or ordinance of any city, borough, or township.

It should be clearly understood that minors under the age of 18 years, because of the provisions of these two

acts, are not privileged to violate The Vehicle Code, or any other laws, of this Commonwealth, or of any of its political subdivisions. The law must be obeyed by everyone regardless of age. However, in the case of violators under the age of 18 years, the legislature has seen fit to say in effect that, while there may be a criminal action instituted against a juvenile under 18 years of age, yet it must be kept in mind that further disposition of the case must then conform to the provisions of the statutes which we have hereinbefore cited.

Both juvenile court acts distinctly state that no preliminary hearings are to be held in the case of a criminal violation by any minor under 18 years of age. Both acts clearly require that the magistrate, alderman, or justice of the peace shall return all such cases to the juvenile court in the county where the offense occurred. In cases of any violations in Allegheny County, in addition, it further appears that where the age of the offender is under 18 years "all such cases shall be certified . . . to the juvenile court . . .". Therefore, it is evident that all criminal cases instituted against any minor under 18 years of age in this Commonwealth must be referred by the magistrate, alderman, or justice of the peace before whom the criminal action is instituted, to the juvenile court of that county for disposition without holding a preliminary hearing.

In passing, we would like to call your attention to those cases where juveniles are arrested for summary offenses and bail is not obtainable, and there is no detention home available for the purpose of detaining a defendant until he can be brought before the juvenile court. In such cases it seems that the proper procedure would be for the magistrate, alderman, or justice of the peace to release the defendant on his own recognizance or in the custody of his parents until such time as proper return can be made to the juvenile court and arrangements completed to bring the juvenile before such court for disposition.

We are of the opinion, and you are therefore advised, that there is no way by which a magistrate, alderman, or justice of the peace is legally justified in circumventing the provisions of the juvenile court acts by holding any minor under 18 years of age for a hearing, either for any summary violation of The Vehicle Code or of any other law of this Commonwealth, or ordinance of any city, borough or township; and much less for the purpose of passing sentence on such minor for any such violation.